

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-10-2006

# Oriakhi v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2786

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Oriakhi v. USA" (2006). *2006 Decisions*. Paper 1604.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1604

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-2786

_____

FELIX ORIAKHI,

Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-00850)
District Judge: Honorable Thomas I. Vanaskie

_____

Submitted Under Third Circuit LAR 34.1(a)
November 14, 2005

Before: ROTH, RENDELL AND AMBRO, <u>CIRCUIT JUDGES</u>

(Filed: February 10, 2006)

_____

OPINION

_____

PER CURIAM

Felix Oriakhi, a federal prisoner, filed an action pursuant to the Federal Torts

Claims Act ("FTCA") and <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971),

alleging that Bureau of Prison ("BOP") staff "stole [his] collection of female pornographic magazines" and two microwave bowls, and improperly returned to the publisher a book containing nudity that Oriakhi had ordered. The District Court dismissed Oriakhi's <u>Bivens</u> claim concerning the book for failure to exhaust administrative remedies and, following a bench trial, entered judgment in favor of the appellee on Oriakhi's FTCA claim regarding the allegedly stolen property. This appeal followed.

On appeal, Oriakhi alleges that his <u>Bivens</u> claim should not have been dismissed for failure to exhaust administrative remedies because he completed the exhaustion process "before the defendant filed it[s] answer[] to appellant['s] complaint." Appellant's Brief, 7. Our review of the District Court's dismissal of the <u>Bivens</u> claim for failure to exhaust administrative remedies is plenary. <u>See</u> <u>Jenkins v. Morton</u>, 148 F.3d 257, 259 (3d Cir. 1998). The Prison Litigation Reform Act ("PLRA") prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials "*until* such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). To satisfy this requirement, a prisoner must exhaust all available administrative remedies prior to filing suit, including a <u>Bivens</u> action. <u>See</u> <u>Ahmed v. Dragovich</u>, 297 F.3d 201, 209 & n.9 (3d Cir. 2002); <u>Nyhuis v. Reno</u>, 204 F.3d 65, 68 (3d Cir. 2000). Oriakhi's complaint was filed in April 2001; he concedes that he did not begin the BOP administrative review process until May 2001. Clearly, then, Oriakhi's administrative remedies were not exhausted prior to the initiation of suit. The

2

fact that he completed the administrative review process before the District Court reached

the exhaustion question is of no consequence. Indeed, there appears to be unanimous

circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement

by exhausting administrative remedies after the filing of the complaint in federal court.

See, e.g., Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) (collecting cases and

holding that "the district court must look to the time of filing, not the time the district

court is rendering its decision, to determine if exhaustion has occurred"). Accordingly,

the District Court properly dismissed Oriakhi's Bivens claim for failure to exhaust

administrative remedies.[1]

With respect to his FTCA claim, Oriakhi challenges the District Court's findings

of fact, its denial of his motion to compel discovery, and its refusal to permit him to

communicate by telephone with potential witnesses confined at other prisons. We review

the District Court's findings of fact for clear error. See Fed. R. Civ. P. 52(a); Icicle

Seafoods, Inc. v. Worthington, 475 U.S. 709, 714 (1986). Under this standard, we may

---

[1] We note that Oriakhi filed a separate complaint on October 18, 2002, alleging that he had exhausted his administrative remedies. See Oriakhi v. Yates, et al., M.D. Pa. Civ. No. 02-cv-1869. The District Court dismissed that action because Oriakhi did not timely comply with its order to pay the filing fee or seek leave to proceed in forma pauperis. Oriakhi did not appeal. Contrary to Oriakhi's contention, see Appellant's Brief, 13, the District Court did not abuse its discretion in denying his request to consolidate the underlying case with the action at M.D. Pa. Civ. No. 02-cv-1869. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir.1982) (holding that management of its docket is committed to the sound discretion of the District Court). Not only had the other action been dismissed, but the divergent issues presented in the two suits counseled against consolidation.

reverse a finding of fact only if it is "devoid of a credible evidentiary basis or bears no rational relationship to the supporting data." Shire US Inc. v. Barr Laboratories, Inc., 329 F.3d 348, 352 (3d Cir. 2003). The issue at trial was whether Oriakhi in fact possessed the magazines and microwave bowls that he alleged were stolen by BOP staff during a search of his cell. The District Court found that Oriakhi and his witnesses were not credible and that circumstantial evidence undermined his claim. In particular, the District Court noted that the magazines were not listed either in Oriakhi's personal property records or in a log of items confiscated during the cell search. Furthermore, Oriakhi and his witnesses provided conflicting testimony concerning the time of the cell search and whether, following such a search, BOP staff routinely provide inmates with confiscation slips documenting any seized property. The witnesses also were unable to identify the titles of the magazines Oriakhi allegedly possessed. Oriakhi presented no evidence concerning the alleged theft of the bowls or their value. Consequently, after a thorough review of the record, we find no clear error in the District Court's factual findings.

In addition, we discern no abuse of discretion with respect to Oriakhi's discovery and trial preparation issues. See Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995) (applying "abuse of discretion standard when reviewing orders regarding the scope and conduct of discovery"). Oriakhi filed a motion to compel discovery after the appellee informed him that it would not respond to his second set of interrogatories, which were served approximately one year after the expiration of the court-ordered discovery period. The record confirms the District Court's conclusion that

4

Oriakhi failed to seek leave of court to extend the discovery period, and that the interrogatories bore "no relationship to the responses provided to the first set of interrogatories" or to the information required to be produced by a prior discovery order. The District Court also properly denied Oriakhi's motion for telephone access to potential inmate witnesses. Recognizing "valid institutional security concerns" associated with permitting such access, the District Court emphasized that Oriakhi would be permitted to engage in expedited written communications with his witnesses via facsimile. Oriakhi has not specifically identified how his ability to prepare for trial was prejudiced by this limitation, or by his transfer to another prison prior to trial.

For the foregoing reasons, we will affirm the judgment of the District Court.