Frederick BANKS, Appellant,

v.

Art ROBERTS; Jeff Ohara; Mr. Fore-
man; Mr. Rapp; Cameron Lindsey;
Director, Federal Bureau of Prisons;
Federal Bureau of Prisons; G. Comp-
ton.

No. 07–2793.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Under Third Circuit LAR 27.4 and
I.O.P. 10.6 Sept. 27, 2007.

Filed: Oct. 19, 2007.

Frederick H. Banks, Yazoo City, MS, pro se.

Stephen R. Cerutti, II, Office of United States Attorney, Harrisburg, PA, for Appellees.

Before: BARRY, AMBRO and FISHER, Circuit Judges.

## OPINION

PER CURIAM.

Frederick Banks appeals from the dismissal of his lawsuit alleging violations of the Federal Tort Claims Act ("FTCA"), the False Claims Act ("FCA"), negligence and Bivens claims,[1] for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Banks' appeal presents no substantial question, we will summarily affirm. LAR 27.4; I.O.P. 10.6.

Banks' claims are premised on conditions of incarceration and alleged actions by the Federal Bureau of Prisons ("BOP")

and prison officials at the Canaan Federal Prison Camp in Waymart, Pennsylvania ("FPC Canaan") (collectively "defendants").[2] Banks charges that defendants "refused to pay him the federal minimum wage even though he is a federal employee and is entitled to be payed [sic] minimum wage." (Amend. Compl. pp. 1–2.) Banks also complains of dirty showers, expired food, overcrowding and the denial of postage for mailing correspondence and filings to the court and various administrative agencies. The District Court granted defendants' motion to dismiss based on Banks' failure to properly exhaust available administrative remedies relating to his Bivens claims, and for failure to establish claims under the FTCA and the FCA. Banks filed a timely notice of appeal.

### A. Bivens Claims

■ The Prison Litigation Reform Act of 1995 ("PLRA") requires that inmate-plaintiffs exhaust all administrative remedies prior to filing suit in federal court. Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); see also Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir.2000). Although the record demonstrates that Banks filed many requests for administrative remedies on various topics corresponding to his complaints in the instant suit, the exhibits supplied by defendants also show that Banks failed to appeal the resulting decisions with respect to his Bivens claims prior to filing his claim in federal court and, therefore, failed to comply with the PLRA's mandatory ex-

1. A "Bivens action" is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

2. Since the filing of the instant action, Banks has been transferred from USP-Canaan and now resides at Butner Low Security Correctional Institution in Yazoo City, Mississippi.

haustion requirement.[3]

With respect to his wage complaint, Banks does not dispute the veracity of the dates evidenced in defendants' exhibits. Rather, he contends that he was excused from the statute's exhaustion requirement because his exhaustion attempts were futile. (Amend. Compl. at 1.) This argument fails under this Court's bright line rule that "completely precludes a futility exception to [the PLRA's] mandatory exhaustion requirement." *Nyhuis*, 204 F.3d at 71.

Banks also argues that the exhaustion requirement is satisfied by his "good faith effort" to "continue to file the administrative remedies during the pendency of this action and notify the Court with a supplement or notice once the futile exhaustion becomes finalized by filing [administrative remedies]." (Amend. Compl. at 1–2.) This effort, however, is not sufficient to satisfy the exhaustion requirement. A prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies after initiating suit in federal court. *See Johnson v. Jones*, 340 F.3d 624, 627–28 (8th Cir.2003) (collecting cases and holding that "the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.").

Because Banks did not wait to file his complaint until after he had received final determinations from his administrative filings and completed the appeal process as to those determinations, Banks has not met the exhaustion requirements of the PLRA and we must affirm the dismissal of his *Bivens* claims on that basis. *See Johnson*, 340 F.3d at 627. To the extent that

Banks' allegation that he was denied postage can be separately construed as a violation of his constitutional right to access the courts, we note that this issue is being adjudicated in *Banks v. One or More Unknown Confidential Informants of Fed. Prison Camp Canaan, et al.*, Civil No. 1:06–cv–1127. We therefore will affirm the District Court's dismissal of that claim based on its redundancy to identical claims presented here.

## B. FTCA Claim

The FTCA waives the sovereign immunity of the United States for torts of federal employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA contains a jurisdictional bar that requires a plaintiff to file his or her claim with the appropriate federal agency and receive a final denial by that agency before filing a complaint in federal court. *See* 28 U.S.C. § 2675(a).

■ Here, although Banks filed an administrative tort claim with the BOP and received a determination, his claim alleged a violation of the right to equal treatment and equal treatment in accordance with due process. The claim did not include an allegation of negligence and thus the BOP was not put on notice of Banks' complaint. Consequently, the agency was unable to make a final determination with regard to that issue as required by 28 U.S.C. § 2675(a). Because Banks has failed to meet the administrative prerequisites for filing a claim for negligence under the FTCA, we agree that the District Court

---

**3.** According to an examination of defendants' exhibits, the District Court accurately set forth the time line of Banks' requests for administrative remedies with regard to the issues alleged in his complaint.

was barred from considering his negligence claim on the merits. *See Sprecher v. Graber*, 716 F.2d 968, 973 (2d Cir.1983).

 Defendants concede that Banks exhausted his FTCA claim with regard to his claim for unequal treatment and, therefore, the District Court accepted jurisdiction and rejected his claim on the merits.[4] As the District Court recognized, the FTCA authorizes suits only against the United States itself, not individual defendants or agencies. 28 U.S.C. § 2680(a). We agree with the District Court's determination that Banks has failed to state a claim because his suit fails to name the United States as a defendant. 28 U.S.C. § 2679(b)(1). We also agree that amending the complaint to name the United States would be futile because Banks claims damages arising from alleged constitutional violations by individual federal defendants. Such actions cannot be asserted against the United States or its agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 485, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

### C. The False Claims Act

The False Claims Act, 31 U.S.C. § 3729, permits an action against any person who presents a false or fraudulent claim for payment or approval to an officer or employee of the United States government. We will affirm the dismissal of Banks' FCA claim.

 Banks claims a violation of the FCA because he was not paid the minimum wage afforded civilian non-prisoner federal employees. He therefore argues that defendants are "deceiving the United States." (Amend. Compl. at 3.) However,

as the District Court correctly observed, prisoners that perform intra-prison work are not entitled to compensation commensurate with the federal minimum wage requirements set forth under the Fair Labor Standards Act. *Tourscher v. McCullough*, 184 F.3d 236, 243 (3d Cir.1999). Banks has not alleged any facts that suggest that the work he performs is not intra-prison and therefore has identified no basis for his claim for compensation at the federal minimum wage rate.

### D. Conclusion

For the stated reasons, we conclude that Banks' appeal presents us with no substantial question. *See* L.A.R. 27.4; I.O.P 10.6. Accordingly, we will summarily affirm the District Court's order.

---

4. The District Court correctly construed Banks' negligence claim under the FTCA, noting that it could not consider his negligence claim under *Bivens*, because negligence is not the basis of a constitutional claim. *See Bi-*

*vens*, 403 U.S. at 392, 91 S.Ct. 1999 (recognizing an implied private action for damages against federal officers alleged to have violated a citizen's *constitutional* rights).