OPINION
PER CURIAM.
Rasheed Nifas, a prisoner housed at the Fayette State Correctional Institution in Pennsylvania (“SCI-Fayette”), appeals from the order of the United States District Court for the Western District of Pennsylvania granting summary judgment for the defendants and dismissing his civil rights complaint alleging, among other things, his wrongful placement in administrative custody (“AC”) and on the restrict *243 ed release list (“RRL”) in 2007 and 2008.[1] Because we conclude that no substantial question is presented on appeal, we will summarily affirm. See LAR 27.4 and I.O.P. 10.6.
Nifas is serving a life sentence without eligibility for parole. During his first eight years in prison, Nifas received thirty-two misconducts and eleven orders directing his “separation” from two inmates and five staff (four of whom are females). He was transferred from SCI-Dallas to SCI-Fayette in May 2006 because of his harassment of three female staff there.
In September 2006, Nifas was placed in AC for three days pending investigation of Defendant Debra Mahlmeister’s complaint that he had given her an inappropriate inmate request slip. In October 2006, Ni-fas filed a grievance (No. 165820) against Mahlmeister. From November 2006 to August 2007, Nifas bounced in and out of the general population, with short-term placements in AC and disciplinary confinement.[2] Immediately following his release from disciplinary custody in August 2007, and after a hearing, the prison placed Ni-fas in AC because he posed a risk to himself and others. The prison also sought a transfer to another facility. SCI-Fayette’s transfer petition was denied in January 2008. Thereafter, Secretary Beard approved the prison’s request to have Nifas placed on the RRL. Nifas’s RRL status began in April 2008.
Nifas’s Complaint, filed on June 16, 2008 (the date he signed the Complaint), alleged that the defendants retaliated against him for the grievance he filed in 2006 regarding defendant Mahlmeister. Specifically, he asserted that the defendants lodged three false misconduct charges for various infractions of prison rules and orchestrated his placement in AC and on the RRL at SCI-Fayette based on false allegations that he harassed female staff. He also claimed that the defendants denied him procedural due process, access to the courts while in AC, and privileges that similarly situated inmates had received in AC. He alleged further that his confinement in AC constituted cruel and unusual punishment because it exacerbated his documented serious psychiatric condition, and that the defendants wrongfully denied him the right to practice his Muslim religion in AC. He claimed violations of the First, Eighth and Fourteenth Amendments (Equal Protection and Due Process) and of the Religious Freedom Restoration Act (“RFRA”) and the Religious Land Use and Institutionalized Persons Act (“RLUI-PA”). He sought damages and an order directing the defendants to release him to a general population unit at SCI-Fayette.
Following discovery, the defendants filed a joint motion for summary judg *244 ment, claiming that most of Nifas’s claims were not exhausted and that his claims were meritless in any event. Nifas responded and filed his own motion for summary judgment. The Magistrate Judge granted summary judgment for the defendants, holding that the access to the courts, retaliation, equal protection, and Eighth Amendment claims were both unexhausted and meritless and that Nifas failed to exhaust his First Amendment religious exercise and RFRA/RLUIPA claims. By order entered September 30, 2009, the Magistrate Judge granted summary judgment in the defendants’ favor and denied all pending motions, including Nifas’s summary judgment motion. On October 6, 2009, the Magistrate Judge denied Nifas’s motion for Rule 11 sanctions against the defendants. This timely appeal followed.[3]
Nifas argues that he exhausted his claims, listing all of the grievances he filed concerning his access to the courts, retaliation, equal protection, and procedural due process claims. (See “Memorandum in support of appeal,” at 2-4.)[4] Assuming, arguendo, that these claims are exhausted, we agree with the Magistrate Judge’s reasoning and conclusion that the claims lack merit. The fact that Nifas’s civil rights complaint was delayed by 120 days does not amount to the kind of actual injury required to make out a denial of access to the courts claim. See Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Nifas’s history of misconducts and problems with female staff members both before and after he arrived at SCI-Fayette was more than sufficient to show that his placement in AC and on the RRL served a legitimate penological interest and that it would have occurred regardless of any retaliatory motive. See Rauser v. Horn, 241 F.3d 330, 334 (3d Cir.2001). Nifas’s retaliatory discipline claim fails because there is “some evidence” supporting the guilty findings for the three disciplinary charges brought against Nifas after he filed his grievance in October 2006. See Henderson v. Baird, 29 F.3d 464, 469 (8th Cir.1994) (stating that a finding of “some evidence” to support a prison disciplinary determination “checkmates” the prisoner’s retaliation claim). As for his procedural due process claim, confinement in AC for 178 days and a 90-day placement on the RRL does not amount to an “atypical and significant hardship” when compared to the ordinary incidents of prison life, and thus, Nifas has no protected liberty interest.[5] See Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Griffin v. Vaughn, 112 F.3d 703, 706 & n. 2 (3d Cir.1997). In any event, Nifas received all of the process he was due. Prior to the initiation of this lawsuit, the Program Review Committee (“PRC”) had conducted hearings regarding Nifas’s AC status on August 16, 2007, February 7 and April 10, 2008, and had reviewed his RRL status on April 10, 2008. Nifas’s equal protection claim also lacks merit. *245 Nifas failed to demonstrate that the inmates who had submitted affidavits were similarly situated to him as there is no evidence that the inmates shared similar institutional histories.
The Magistrate Judge correctly determined that the Eighth Amendment claim is not exhausted. There is no grievance in this record, and Nifas does not point to any, in which he complained about the deleterious effect of his confinement in AC on his psychological condition. In any event, the claim was properly dismissed on its merits. As the Magistrate Judge observed, the “Individual Treatment Plan” for Nifas dated October 15, 2007, stated that he was in long-term placement in AC and listed treatment objectives while he was there. (See Defendants’ appd’x to summary judgment motion, Exh. 1 at 9.) Nothing in the Plan indicated that Nifas’s mental health would be seriously affected by such confinement. Thus, no reasonable juror could conclude from the record evidence that AC placement posed a substantial risk of serious harm to Nifas or that the defendants were deliberately indifferent to his psychological condition.
That leaves the religious exercise and RFRA/RLUIPA claims, which were dismissed for non-exhaustion. Proper exhaustion requires that an inmate proceed through all available steps in the administrative review process, and that the inmate do so in accordance with established deadlines and procedural rules so that the reviewing body can address the issues raised. See Woodford v. Ngo, 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). An inmate cannot satisfy the PLRA by completing the prison grievance process during the pendency of the District Court proceeding. See e.g., Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir.2003) (holding that “the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory”). It is clear from Nifas’s own representations and submissions that he filed a grievance regarding the denial of his right to practice his Muslim faith (Grievance No. 232345) on the day he filed his Complaint. Accordingly, because exhaustion was not completed by the commencement date of the lawsuit, the Magistrate Judge properly granted summary judgment and dismissed the religious exercise and RFRA/RLUIPA claims for failure to comply with 42 U.S.C. § 1997e(a). The dismissal of these claims, of course, is without prejudice.
For these reasons, we will summarily affirm the District Court’s judgment as modified to reflect the dismissal without prejudice of Nifas’s religious exercise and RFRA/RLUIPA claims.

. The RRL is a list of inmates who may only be released from AC status upon prior approval of the Secretary. An inmate may be placed on RRL "when he/she poses a threat to the secure operation of the facility and where a transfer to another facility or jurisdiction would not alleviate the security concern.” The Secretary must approve the designation of the inmate to the RRL. See DC-ADM 802, § l.B, p. 1-2 and § 4.B, p. 4-2.

. Notably, he was disciplined for possession of an 11-inch piece of steel in November 2006, for disobeying an order on July 13, 2007, and for threatening a female counselor on October 3, 2007. The prison placed Nifas in AC for about eleven days in June 2007, pending an investigation of a charge that he made two inappropriate comments to two female staff members. On July 13, 2007, he was back in AC pending investigation of another complaint by a different female staff member concerning an inappropriate comment Nifas made to her about a letter he wanted to send her. He attempted suicide in AC on July 13, the same day he was disciplined. Nifas requested a transfer to another facility in August 2007.

.We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Although Nifas argues that the Magistrate Judge lacked authority to enter judgment in his case, the record indicates otherwise. Pursuant to 28 U.S.C. § 636(c)(1), both Nifas and the defendants, on June 16 and December 10, 2008, respectively, voluntarily consented to have the Magistrate Judge conduct any and all further proceedings in the case, including trial and entry of final judgment.

. Nifas does not claim that he exhausted his Eighth Amendment, religious exercise and RFRA/RLUIPA claims.

. We express no opinion as to whether Nifas's continued confinement in AC and on the RRL after June 16, 2008, gives rise to a protected liberty interest.