**CLD-029**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2194
_____

TYRONE WALLACE,
Appellant

v.

Lt. MILLER; S. CROSS, Prison Vehicle Driver; JOHN DOE, Team Escorting Officer
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 11-cv-01503)
District Judge:  Honorable John E. Jones, III
_____

Submitted on Motion to Reopen and for Possible Dismissal Pursuant to 28 U.S.C.
§ 1915(e)(2)(B)or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 31, 2013

Before: FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 4, 2013)
_____

OPINION
_____

PER CURIAM

Tyrone Wallace, a federal prisoner proceeding <u>pro</u> <u>se</u>, appeals an order of the

United States District Court for the Middle District of Pennsylvania entering judgment

1

for the defendants in his civil rights action. For the reasons that follow, we will affirm the judgment of the District Court.[1]

Wallace alleged in his complaint that on May 4, 2011, he was denied medical treatment for a broken finger when defendants Lieutenant Miller and Officer Cross prevented him from having surgery at an outside hospital. According to Wallace, Cross would not allow him to read and sign the hospital's forms and Miller directed the nurse to cancel his surgery. Wallace also averred, among other things, that an escort team officer put his handcuffs on too tight and caused his hands to become numb and swollen.

The defendants filed a motion for summary judgment or, in the alternative, to dismiss the complaint on various grounds, including a failure to exhaust administrative remedies. Because both parties had submitted documents beyond the pleadings, the Magistrate Judge considered the motion on the exhaustion issue as one for summary judgment. The Magistrate Judge concluded that the undisputed evidence established that Wallace did not properly exhaust his administrative remedies. The District Court agreed and entered judgment for the defendants. This appeal followed.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise de novo review over a determination of a failure to exhaust administrative remedies. Small v. Camden County, 728 F.3d 265, 268 (3d Cir. 2013).

---

[1]This appeal was dismissed for failure to pay the Court's filing fee. Wallace's motions for reconsideration and to reopen his appeal and to proceed in forma pauperis are granted.

[2]The District Court also decided that Wallace failed to state a claim against the defendants in their official capacities and found no error in the Magistrate Judge's conclusion that Lieutenant Miller was not personally involved in the incident at issue. Because we conclude that summary judgment is warranted based on Wallace's failure to exhaust his administrative remedies, we need not address these rulings.

As recognized by the District Court, the Prison Litigation Reform Act requires a prisoner to exhaust available administrative remedies before bringing an action regarding prison conditions. 42 U.S.C. § 1997e(a); Small, 728 F.3d at 268. Under § 1997e(a), a prisoner must properly exhaust such remedies by complying with the prison grievance system's procedural rules. Woodford v. Ngo, 548 U.S. 81, 93-95 (2006); Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004). Here, those rules required that any administrative remedy request based on the May 4, 2011 incident be submitted within 20 days or by May 24, 2011. 28 C.F.R. § 542.14(a).

The defendants provided a computer-generated summary of the administrative relief Wallace sought from May to November of 2011. This document reflects that on May 26, 2011, the Bureau of Prisons Central Office received an administrative remedy request involving a "staff complaint/re: injury on 4/13/11." Ex. 8 to Def. Statement of Material Facts. The request was rejected because it was filed at the wrong level and for other unidentified reasons. It appears that Wallace was instructed to correct the deficiencies and resubmit the form to his institution.[3]

Wallace also submitted an administrative remedy request to his institution. This request, which was received on June 17, 2011, was rejected as untimely. Wallace's appeal was also rejected. On July 18, 2011, the Bureau of Prisons Central Office received another administrative remedy request, but it was rejected because it was filed at the wrong level and untimely. Wallace was informed that he could resubmit his request

[3]The defendants did not submit a copy of the underlying grievance or response. We assume for purposes of this appeal that the "staff complaint" involved the alleged denial of treatment and other claims raised in Wallace's complaint. The record reflects that Wallace's finger was injured on April 13, 2011.

3

to the Warden with staff verification that his untimely submission was not his fault. Wallace, however, did not resubmit the request. Instead, he filed his complaint in District Court on or about August 15, 2011.

The record thus reflects that Wallace's administrative remedy requests were rejected for failure to comply with prison procedures. Absent a showing by Wallace that there is a genuine issue of material fact, the defendants established that he did not properly exhaust his administrative remedies prior to filing suit and that summary judgment is warranted. See Spruill, 372 F.3d at 231.

Wallace asserted in his brief in opposition to summary judgment that he submitted his administrative remedy request to the Warden as soon as his attempt at informal resolution of his complaint was complete. He explained that, after the May 4, 2011 incident, it was difficult to write because his hands were numb and swollen from the tight handcuffs, that on May 19, 2011, he submitted an informal resolution form to his unit manager, and that on May 25, 2011, his unit manager forwarded the form to health care services. Wallace stated that he received the form back on June 10, 2011, after the deadline to submit his formal administrative remedy request.

The District Court did not address Wallace's assertions that there were delays in completing the informal resolution process, which is required before an administrative remedy request may be submitted. Wallace did not submit any evidence in support of these assertions, although he attested that the statements in his brief were true. Even if Wallace's statements were properly supported, the applicable regulations allow for an extension of time for filing a formal administrative remedy request where there is an

4

unusually long period taken for informal resolution attempts. 28 C.F.R. § 542.14(b). In addition, Wallace was told that he could resubmit his request to the Warden with staff verification of the reason that the request was untimely. Thus, to the extent Wallace faults the prison for his untimely administrative remedy request, he has not shown that the grievance system was unavailable for exhaustion purposes. See, e.g., Small, 728 F.3d at 273 (holding appeals process was unavailable where prison did not respond to grievance).

Wallace also asserted in a separate filing in response to the summary judgment motion that in December 2011 he spoke to Unit Manager Brewer, who agreed to verify the reason for his untimely submission as directed by the Bureau of Prisons. Wallace stated that, as of January 30, 2012, Brewer had not prepared a letter. Any efforts that Wallace has made to exhaust his administrative remedies after August 15, 2011, the date he filed his complaint, are not relevant. A prisoner may not satisfy the exhaustion requirement after the filing of his complaint. Ahmed v. Dragovich, 297 F.3d 201, 209 & n.9 (3d Cir. 2002). See also Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) (citing cases).

The defendants established that Wallace did not properly exhaust his administrative remedies prior to filing suit. Because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.