*Coolidge v. Clark*, No. 284-5-19 Wncv (Tomasi, J., Feb. 13, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 284-5-19 Wncv |

| | |
|---|---|
| Jeffery P Coolidge,<br>    Plaintiff<br><br>v.<br><br>Catherine Clark,<br>    Defendant | |

Opinion and Order on Motion to Reconsider

Plaintiff has filed a "letter" with the Court. It is unclear its intent. To the extent it could be construed as a motion to reconsider this Court's dismissal Order, it is denied. Plaintiff now appears to be arguing, in contrast to his actual Complaint, that he is seeking review of his expungement determination, as opposed to his substantiation determination. For a number of reasons, that contention does not convince the Court to reconsider its ruling.

First, the Complaint plainly asks the Court for an order concerning the "substantiation determination." Complaint at 3. It seeks no relief in connection with expungement.

Second, even if Plaintiff had challenged the expungement determination, the Complaint would be subject to dismissal. Vt. R. Civ. P. 75 is available, under certain circumstances, to review governmental decisions. One requirement for such review is that a plaintiff must have first gone through or "exhausted" all of the possible administrative remedies available to him or her. "A party's failure to exhaust administrative remedies permits a court to dismiss the action for lack of subject matter jurisdiction." *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511, 702 A.2d 58, 60 (1997). In this instance, at the time Plaintiff filed his Complaint, he had available to him and was still seeking review of his expungement determination before the Human Services Board. Until that process was completed, this Court would not have jurisdiction to entertain this suit. *Id*.

Finally, Plaintiff may not "cure" that lack of jurisdiction by subsequently completing his administrative remedies. The administrative process is designed "to afford the parties and the courts the benefit of the administrative agency's

experience and expertise, and to afford the agency the opportunity to cure its own errors." *Pratt v. Pallito*, 2017 VT 22, ¶ 14, 204 Vt. 313, 318–19 (internal quotations omitted). In a similar vein, courts also require that all issues sought to be raised in court were raised and adequately preserved before the administrative body. *Id.* Plaintiff simply may not circumvent an available administrative process by filing suit before he has exhausted his administrative remedies and preserved before the administrative body the issues he wishes to raise in the court proceeding.

Indeed, in other analogous contexts, courts have rejected the notion that a party may file judicial lawsuit, complete the administrative process, and then proceed with the litigation. *See Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) ("there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court"). As the District Court for the District of New Jersey has stated:

> Because exhaustion of administrative remedies is not just a requirement but a *pre*-requisite to suit, the relevant time for measuring exhaustion is the date of filing the complaint. In *McNeil v. United States*, for example, the Court upheld the dismissal of a *pro se* plaintiff's claim under the FTCA where the plaintiff had filed a claim for administrative relief, but only after filing suit. 508 U.S. 106, 111–12 (1993). Nor, in such a case, can jurisdiction be restored by subsequent administrative action and the filing of a post-exhaustion amended complaint. *Hoffenberg v. Provost*, 154 F. App'x 307, 310 (3d Cir. 2005).

*Torres v. United States*, No. CV 19-16395, 2019 WL 7343494, at *3 (D.N.J. Dec. 31, 2019).

The United States Supreme Court has explained the policy reasons for such a conclusion. In *McNeil*, the Court pointed out that premature filing of judicial cases in advance of exhaustion of administrative remedies places an unwarranted burden on the judicial system and on the defendants who must defend against such claims. *McNeil*, 508 U.S. at 112. While the impact in any one case may be small, across many actions, the effect would be weightier. *Id.*

WHEREFORE, because Plaintiff's Complaint does not seek relief concerning the expungement determination and because this Court would lack jurisdiction if it had raised such a claim, the motion to reconsider is denied.

The Court does, however, appreciate the efforts Plaintiff has made to address the issues that led to his inclusion on the Registry. The Court encourages him to continue his best efforts in that regard.

2

Electronically signed on February 13, 2020 at 03:09 PM pursuant to V.R.E.F. 7(d).

                                 _____

                                 Timothy B. Tomasi
                                 Superior Court Judge