IN THE UNITED STATES DISTRICT COURT 
 FOR THE DISTRICT OF DELAWARE 

KAMILLA DENISE LONDON, ) 
 ) 
 Plaintiff, ) 
 ) 
 v. ) C.A. No. 19-559 (MN) 
 ) 
OFFICER BRETT EVANS, ) 
 ) 
 Defendant. ) 

 MEMORANDUM OPINION 

Kamilla Denise London, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se 
Plaintiff. 

George Thomas Lees, III, Deputy Attorney General, Delaware Department of Justice, Wilmington, 
Delaware. Counsel for Defendant. 

August 17, 2020 
Wilmington, Delaware 
Me Nonaka 
NOREINA, U.S. District Judge: 
 Plaintiff Kamilla Denise London (‘Plaintiff’), who appears pro se and was granted 
permission to proceed in forma pauperis, is an inmate at the James T. Vaughn Correctional Center 
(‘JTVCC”) in Smyrna, Delaware. She filed this lawsuit pursuant to 42 U.S.C. § 1983.! 
(D.I. 2). The operative pleading consists of the original Complaint and the Amended Complaint. 
(See D.I. 2, 18, 23 § 1). Before the Court is Defendant Officer Brett Evans’ motion to dismiss 
and/or to conduct an evidentiary hearing on the issue of exhaustion and Plaintiff’s opposition. 
(D.I. 24, 25, 26). 
I. BACKGROUND 
 The only claim that remains is a retaliation claim against Defendant Correctional Officer 
Brett Evans (‘Defendant’). All other defendants and claims have been dismissed. (D.I. 23). 
Plaintiff alleges that she was subjected to retaliation when Defendant issued her a disciplinary 
report for a Class 2 infraction on March 18, 2019, after she had submitted a grievance on 
March 2, 2019, No. 440371? complaining of acts by Defendant and voicing her concern that he 
might retaliate against her. (D.I. 18 at 26, 28). Plaintiff received the disciplinary report on 
March 18, 2019, and that same day, she submitted Grievance No. 442329 complaining of 
Defendant’s retaliatory conduct in issuing the disciplinary report. (Ud.). Grievance No. 442329 

 When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him 
 or her of a federal right, and that the person who caused the deprivation acted under color 
 of state law. West v. Atkins, 487 U.S. 42, 48 (1988). 
 The grievances submitted by Plaintiff contain two grievance numbers, one appears to be 
 computer generated and the other is handwritten. For example, the grievance submitted 
 on March 2, 2019 has a computer generated number of 040375333 and a handwritten 
 number of 440371, and the March 18, 2019 grievance has a computer generated number of 
 042159683 and a handwritten number 442329, (See D.I. 18 at 26-28). Based upon other 
 exhibits, the handwritten number appears to be the formal grievance number and those are 
 the grievance numbers to which the Court will refer.

was received by the grievance office on March 19, 2019. (Id.). A handwritten response on 
Grievance No. 442329 states, “a copy of this grievance will be sent by DACS to Unit Commander 
Captain Burton at this time . . . .” (Id.). Plaintiff commenced this action on March 25, 2019. 
(D.I. 2). 

 Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for 
an evidentiary hearing on the issue of exhaustion of administrative remedies. (D.I. 27, 28). 
Plaintiff opposes. 
II. LEGAL STANDARD 
 Because Plaintiff proceeds pro se, her pleading is liberally construed and her Complaint, 
“however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted 
by lawyers.” Erickson v. Pardus, 551 U.S. 89, 94 (2007). When presented with a motion to 
dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part 
analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court 
separates the factual and legal elements of a claim, accepting “all of the complaint’s well-pleaded 

facts as true, but [disregarding] any legal conclusions.” Id. at 210-11. Second, the Court 
determines “whether the facts alleged in the complaint are sufficient to show . . . a ‘plausible claim 
for relief.’” Id. at 211 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). 
 “To survive a motion to dismiss, a civil plaintiff must allege facts that ‘raise a right to relief 
above the speculative level on the assumption that the allegations in the complaint are true (even 
if doubtful in fact).’” Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell 
Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate 
if a complaint does not contain “sufficient factual matter, accepted as true, to ‘state a claim to relief 
that is plausible on its face.’” Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570); see 
also Fowler, 578 F.3d at 210. A claim is facially plausible “when the plaintiff pleads factual 
content that allows the court to draw the reasonable inference that the defendant is liable for the 
misconduct alleged.” Iqbal, 556 U.S. at 678. The Court is not obligated to accept as true “bald 
assertions” or “unsupported conclusions and unwarranted inferences.” Morse v. Lower Merion 

Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Schuylkill Energy Res., Inc. v. Pennsylvania Power 
& Light Co., 113 F.3d 405, 417 (3d Cir. 1997). Instead, “[t]he complaint must state enough facts 
to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element” 
of a plaintiff’s claim. Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 321 
(3d Cir. 2008) (internal quotation marks omitted). In addition, a court may consider the 
pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated 
into the complaint by reference. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 
(2007). 
III. DISCUSSION 
 Defendant argues dismissal is appropriate because Plaintiff failed to exhaust her 

administrative remedies prior to commencing this action. Defendant refers to the operative 
pleadings and allegations that provide occurrence dates of February 17, 2019 through 
March 23, 2019, and the March 25, 2019 filing date of the Complaint, the alleged acts of retaliation 
occurring on March 18, 2019, and paragraph 108 of the Amended Complaint that states, “Please 
see related documents attached.” (D.I. 24). 
 Relevant exhibits attached to the Amended Complaint include: Plaintiff’s Grievance 
No. 440371 submitted March 2, 2019 expressing her concern of Defendant “possibly retaliating 
against” her; a March 18, 2019 disciplinary report issued by Defendant, hearing decision, and 
Plaintiff’s successful appeal; Plaintiff’s Grievance No. 442329 submitted March 18, 2019, seeking 
an investigation into retaliation by Defendant after Plaintiff received the disciplinary report; and a 
March 20, 2019 letter from Plaintiff to Bureau Chief Shane Troxler and Commissioner Perry 
Phelps complaining that Defendant had filed disciplinary charges against her in retaliation for her 
previous grievance. (D.I. 18 at 23-28). 

 The Prison Litigation Reform Act (“PLRA”) provides that “[n]o action shall be brought 
with respect to prison conditions under section 1983 or any other Federal law, by a prisoner 
confined in any jail, prison, or other correctional facility until such administrative remedies as are 
available are exhausted.” 42 U.S.C. § 1997e(a); see Porter v. Nussle, 534 U.S. 516, 532 (2002) 
(“[T]he PLRA’s exhaustion requirement applies to all inmate suits about prison life, whether they 
involve general circumstances or particular episodes, and whether they allege excessive force or 
some other wrong.”). The PLRA requires only “proper exhaustion,” meaning exhaustion of those 
administrative remedies that are “available.” Woodford v. Ngo, 548 U.S. 81, 93 (2006). 
 Because an inmate’s failure to exhaust under PLRA is an affirmative defense, the inmate 
is not required to specially plead or demonstrate exhaustion in his complaint. Jones v. Bock, 549 

U.S. 199 (2007). Failure to exhaust administrative remedies must be pled and proved by the 
defendant. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). 
 Exhaustion applies, however, only when administrative remedies are “available.” 
See Ross v. Blake, __ U.S. __, 136 S. Ct. 1850 (2016). Administrative remedies are not available 
when the procedure “operates as a simple dead end--with officers unable or consistently unwilling 
to provide any relief to aggrieved inmates,” where it is “so opaque that it becomes, practically 
speaking, incapable of use,” or “when prison administrators thwart inmates from taking advantage 
of a grievance process through machination, misrepresentation, or intimidation.” Id. at 1859-60. 
“Just as inmates must properly exhaust administrative remedies per the prison’s grievance 
procedures, prison officials must strictly comply with their own policies.” Downey v. 
Pennsylvania Dep’t of Corr., __ F.3d __, 2020 WL 4432605, at *3 (3d Cir. Aug. 3, 2020) (citing 
Shifflett v. Korszniak, 934 F.3d 356, 367 (3d Cir. 2019) (“[W]e hold that [the PLRA] requires strict 
compliance by prison officials with their own policies.”). “But ‘[w]hen an administrative process 

is susceptible [to] multiple reasonable interpretations, . . . the inmate should err on the side of 
exhaustion.’” Id. (quoting Ross, 136 S. Ct. at 1859). 
 Defendant refers to Paragraph 108 of the Amended Complaint as a judicial admission that 
Plaintiff did not exhaust her administrative remedies prior to filing suit. The Court does not 
construe the statement, “Please see related documents attached” as a judicial admission. The 
statement merely refers to Plaintiff’s attachments. Defendant correctly notes, however, that 
Grievance No. 440371 was anticipatory in nature, submitted before any alleged retaliation had 
occurred, and that Plaintiff’s opposition does not state that she exhausted her administrative 
remedies prior to filing suit, only that she “began the process to exhaust.” (D.I. 26). 
 Defendant further argues that Plaintiff’s March 20, 2019 letter to the Bureau Chief and 

Commissioner did not comply with the requisites of the Inmate Grievance Policy No. 4.4 (“Policy 
4.4”) and, moreover, is dated a mere five days prior to the time Plaintiff filed suit. Policy 4.4 
procedures give the Warden ten calendar days within receipt of a complaint of alleged retaliatory 
action to investigate and respond in writing to the inmate. (D.I. 24-1 at 4; Policy 4.4 ¶ VI. 7). 
The Court agrees that prison officials did not have ample time to respond or investigate Plaintiff’s 
grievance before she commenced this action. 
 In her opposition, Plaintiff states that she began the process to exhaust her administrative 
remedies by submitting Grievance No. 440371, but after that there were several incidents of 
retaliation in response to her efforts to exhaust, that Defendant continued to retaliate against her 
by threatening to take further disciplinary action against her, and that he threatened to fire her from 
her inmate job. (D.I. 25). Plaintiff contends that the alleged conduct made the grievance 
remedy unavailable to her, and that she felt intimated by Defendant’s attempt to thwart her efforts 
to pursue the grievance against him. In the alternative, she asks the Court to dismiss the case 

without prejudice to refile because exhaustion is now complete. 
 In response to Plaintiff’s opposition, Defendant filed additional documents referred to by 
Plaintiff including, Grievance No. 440371 that show it was returned as unprocessed and referred 
to Captain Bruce Burton for investigation who was to report the results of his investigation to 
JTVCC senior staff. (D.I. 26-1 at 2-8). Although Grievance No. 440371 may be relevant to the 
issue of whether retaliation occurred because Plaintiff submitted it, Grievance No. 440371 is not 
relevant to the issue of whether Plaintiff exhausted her administrative remedies as to the alleged 
March 18, 2019 retaliation because it is clear that Grievance No. 440371 was submitted in 
anticipation of retaliation, not because retaliation had occurred. At issue is whether 
administrative remedies were available to Plaintiff following the alleged retaliation and whether 

she exhausted her administrative remedies as to Grievance No. 442329, the grievance that 
complains that retaliation occurred on March 18, 2019, when Plaintiff received the disciplinary 
report from Defendant. 
 Although a prisoner must exhaust “available” administrative remedies to sue in court, 
administrative remedies are “unavailable” when prison officials “thwart inmates from taking 
advantage of a grievance process through machination, misrepresentation, or intimidation.” 
Rinaldi v. United States, 904 F.3d 257, 266-67 (3d Cir. 2018). To show a prison official’s threats 
thwarted inmates from the grievance process, the plaintiff must show “(1) that the [prison 
official’s] threat was sufficiently serious that it would deter a reasonable inmate of ordinary 
firmness and fortitude from lodging a grievance and (2) that the threat actually did deter this 
particular inmate.” Id. at 268. 
 Although Plaintiff argues that Defendant’s alleged continued retaliation and threats 
thwarted her from exhausting her administrative remedies, exhibits attached to the Amended 

Complaint indicate otherwise. After Defendant issued Plaintiff the disciplinary report on 
March 18, 2019, Plaintiff was not deterred. That very day she submitted Grievance, No. 442329 
and complained of Defendant’s alleged retaliatory conduct. Two days later she wrote to the 
Bureau Chief and the Commissioner complaining of retaliation. Plaintiff’s conduct belies her 
claim that she was thwarted in her effort to exhaust administrative remedies or that administrative 
remedies were unavailable to her. 
 Finally, Plaintiff’s position that she “began the process” to exhaust her administrative 
remedies process prior to filing suit does not suffice to excuse her failure to exhaust. “If 
exhaustion is not complete at the time of filing, dismissal is mandatory.” See Victor v. Lawler, 
565 F. App’x 126, 129 (3d Cir. 2014); see also Wallace v. Miller, 544 F. App’x 40, 42 (3d Cir. 

2013) (“Any efforts that [plaintiff] has made to exhaust his administrative remedies after 
August 15, 2011, the date he filed his complaint, are not relevant.”); Nifas v. Beard, 374 F. App’x 
241, 245 (3d Cir. 2010) (“[B]ecause exhaustion was not completed by the commencement date of 
the lawsuit, the Magistrate Judge properly granted summary judgment and dismissed the . . . claims 
for failure to comply with 42 U.S.C. § 1997e(a).”); Banks v. Roberts, 251 F. App’x 774, 776 
(3d Cir. 2007) (“A prisoner may not satisfy the PLRA’s exhaustion requirement by exhausting 
administrative remedies after initiating suit in federal court.”); Oriakhi v. United States, 165 F. 
App'x 991, 993 (3d Cir. 2006) (per curiam) (“Indeed, there appears to be unanimous circuit court 
consensus that a prisoner may not fulfill the PLRA’s exhaustion requirement by exhausting 
administrative remedies after the filing of the complaint in federal court.”). 
 Plaintiff “began the process” but had not exhausted her administrative remedies prior to 
filing suit as required under the PLRA. Therefore, the Court will grant Defendant’s motion to 

dismiss and will dismiss the action without prejudice to the filing of a new action once 
administrative remedies are exhausted. 
IV. CONCLUSION 
 For the above reasons, the Court will: (1) grant Defendant’s motion to dismiss (D.I. 24); 
and (2) dismiss the case without prejudice. 
 An appropriate order will be entered.