**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2453
_____

WILLIAM VICTOR;
DEMETRIUS BAILEY

v.

R. M. LAWLER; M. W. HARLOW; DORINA VARNER; D. BAIRD;
M. HARMON; C. COOK; ANN MILLER; MELISSA MCMAHON;
K. FISHER; T. GIMBENSKI; G. WALTER; J. OAKES; L. BOAL;
M. DONALDSON; R. STEVER; N. LEHMAN; N. GROVE;
J. MEANS; D. W. BEAVER; M GARZARELLI; K. YOST; HOFFER;
SHELA FINK; C. MITCHELL; KAREN OLNOSKY

DEMETRIUS BAILEY,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 07-cv-02058)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2014
Before:  FISHER, VANASKIE and ALDISERT, Circuit Judges

(Opinion filed: May 2, 2014)

_____

OPINION
_____

PER CURIAM

Demetrius Bailey appeals from the judgment of the United States District Court for the Middle District of Pennsylvania in his civil rights case. We will affirm.

On November 13, 2007, Bailey and fellow prisoner William Victor filed a civil rights action pursuant to 42 U.S.C. § 1983 against various defendants, including past and present employees of the Pennsylvania State Correctional Institution at Huntingdon ("SCI-Huntingdon"). The complaint included a claim that Defendants issued misconduct charges against Bailey and Victor in retaliation for their filing of grievances and a state lawsuit. Bailey and Victor further asserted that defendants sexually harassed, verbally abused, assaulted, and mistreated them while they were housed at SCI-Huntingdon. The District Court granted summary judgment to Defendants as to all of Victor's claims, and as to some of Bailey's claims, and referred the matter to the Magistrate Judge for further proceedings. Eventually, all of Bailey's claims were dismissed, except for an Eighth Amendment claim alleging the excessive use of force by four named defendants. A jury found in Defendants' favor as to that claim, and Bailey has timely appealed.

In his brief, Bailey primarily argues that the District Court erred by dismissing on summary judgment his claim related to grievance #203323 (involving an alleged incident of excessive force on October 4, 2007), for failure to exhaust administrative remedies.[1]

---

[1] A prisoner bringing a civil rights complaint must first exhaust all available administrative remedies. Porter v. Nussle, 534 U.S. 516, 520 (2002); 42 U.S.C. § 1997e(a). We review the District Court's order granting summary judgment de novo and review the facts in the light most favorable to the nonmoving party. Burns v. Pa.

In his Report and Recommendation ("R&R") regarding cross-motions for summary judgment, the Magistrate Judge found that Defendants had "shown that Bailey appealed or attempted to appeal 19 grievances during his incarceration at SCI-Huntingdon." R&R, dkt. #315 at 21. Number 203323 of the grievances was not among those that the Magistrate Judge found exhausted, and he did not discuss it. In his objections to the R&R, Bailey argued that he had exhausted his remedies for that grievance through the provisions of prison procedure DC-ADM 804. He contended that the grievance appeal was improperly rejected for the reason given; namely that he had sent the original grievance rather than a copy.[2] The District Court rejected all of Bailey's objections. Dist. Ct. Op., dkt. #332, May 18, 2010. Nearly a year later, Bailey filed a motion pursuant to Fed. R. Civ. P. 59(e) or 60(b), seeking reconsideration of the finding that he had failed to exhaust administrative remedies on claim #203323, repeating his argument that his appeal had been improperly rejected. Dist. Ct. dkt. #353. The District Court again denied relief. Dist. Ct. Op., dkt. #355, May 20, 2011.

---

Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

[2] The Secretary's Office of Inmate Grievances & Appeals ("SOIG") rejected Bailey's first attempted grievance appeal because it was premature; the Chief Grievance Officer advised Bailey to await the initial review response. See dkt. #263, Appendix 3, page 28 of 40. His second attempt to appeal to the SOIG was rejected because he had failed to include a copy of the initial review response/rejection by the Grievance Officer. Id. at 29 of 40. Bailey appears to believe he complied by sending an original of the *grievance* to the Chief Grievance Officer, but she was not asking for a copy of the grievance; rather, she noted that Bailey had not sent in the initial *response*.

Some 10 months later, Bailey filed a "Motion to Intervene Base [sic] on New Evidence from Prior Ruling by the District Court," dkt. #374. In it, Bailey relied on an opinion by Judge Nealon in Victor v. SCI-Smithfield, No. 08-cv-01374, 2011 WL 3584781 (M.D. Pa. Aug. 12, 2011). In that opinion, Judge Nealon noted that there is more than one way that a Pennsylvania inmate can exhaust a claim of abuse: "In addition to complying with the inmate grievance system in DC–ADM 804, an inmate may report abuse 'verbally or in writing to any staff member' or 'report it in writing to the [Department's Office of Professional Responsibility ("OPR")[3] ]'." Id. At *9 (quoting Knauss v. Shannon, 08-cv-01698, 2010 WL 569829, at *7 (M.D. Pa. Feb. 12, 2010), and the Pennsylvania Department of Correction's "Inmate Abuse Allegation Monitoring," Policy Statement DC-ADM 001 (effective Sept. 29, 2005)). Judge Nealon held that "grievance to the OPR under DC-ADM 001, [is] the only step [an inmate has] to take under that policy." Id. At *9 (quoting Knauss, 2010 WL 569829, at *8); see also McCain v. Wetzel, 12-cv-00789, 2012 WL 6623689, at *6 (M.D. Pa. Oct. 26, 2012). In Victor, the Court noted that pursuant to DC-ADM 001 the OPR had 30 days to complete an investigation. The Court found exhaustion even though Victor had not waited until thirty days expired before filing his complaint, noting that it was "unclear from the record when the investigations were actually completed," that by the defendants' admission, the

---

[3] The policy statement has since been modified to replace the OPR with "the Department's Office of Special Investigations and Intelligence." DC-ADM 001, Inmate Abuse Allegation Monitoring Policy, effective 11/19/2010, available at www.portal.state.pa.us.

investigation took at least five months, and that the defendants had not raised non-exhaustion as a defense. Victor, 2011 WL 3584781, at *10.

Bailey argued first that because the OPR investigated his grievance (even though he began the process through the regular DC-ADM 804 grievance system), he exhausted his remedies pursuant to DC-ADM 001. He also argued that because the OPR never sent him a response, further steps to exhaust were not "available" to him. In their response to Bailey's motion, the Defendants argued that Bailey could have raised the issue earlier in the litigation, and that Victor could be distinguished on the facts, noting that there was no inordinate delay in Bailey's case. The District Court denied Bailey's motion, noting that Bailey "filed this action before exhausting his administrative remedies and had ample opportunity to raise this matter pending the two motions for summary judgment." Dkt. #377 at 3-4. The Court also noted that Bailey had not introduced new factual evidence in support of his motion. Id.

This Court has not considered whether a Pennsylvania prisoner can exhaust his administrative remedies through DC-ADM 001, nor what steps would be necessary under that procedure. But even if we were to agree with the various District Court opinions holding that an inmate need only file a grievance with the OPR under DC-ADM 001 in order to exhaust administrative remedies, we do not agree that a prisoner can file a complaint before the OPR's investigation is complete, at least absent unusual circumstances. Under the PLRA, "[n]o action *shall be brought* with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility

5

until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Exhaustion of administrative remedies must be proper and in accordance with applicable regulations and policies, and noncompliance cannot be excused by the courts. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006); Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. Pa. 2004); Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. Pa. 2000). If exhaustion is not complete at the time of filing, dismissal is mandatory. See Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003); Smith v. Mensinger, 293 F.3d 641, 647 n.3 (3d Cir. 2002).

Here, after Bailey filed a grievance, the grievance officer filed an Initial Review Response stating that he had reviewed the grievance and that it was being investigated by the Security Office. On appeal, the Superintendent stated in a document dated November 8, 2007, that he concurred with the response given by the grievance officer, and noted that "an ongoing investigation into your allegations is in progress." Bailey filed his complaint about a week later, without waiting for that investigation to conclude. This defeats "the basic purpose of the grievance filing mechanism, which is to notify officials of a problem and provide an opportunity for efficient correction." Small v. Camden Cnty., 728 F.3d 265, 273 (3d Cir. 2013).

Bailey states in his brief that he was transferred from SCI-Huntingdon to SCI-Forest on October 29, 2007, in retaliation for filing grievances, and that "Security Office at Huntingdon Lt. Baird did not file a summary statement for Initial Review Response to grievance as require by DC-ADM 804 and never forward their investigation or OPR's

investigation to Mr. Bailey at SCI-Forest as require by policy DC-ADM 001." It appears that Bailey did not learn of the completion of the investigation until he was afforded discovery in connection with his complaint. We construe his brief as arguing that any appeals process was "unavailable to him." See Small, 728 F.3d at 273-74 (prison's failure to respond to grievance within the time allowed renders process unavailable). Bailey's failure to send the initial review response to the Chief Grievance Officer, however, clearly constituted a default to the extent he was attempting to follow the DC-ADM 804 process. See Woodford, 548 U.S. at 90 (exhaustion for purposes of § 1997e(a) requires properly completing all steps required by prison grievance procedures). And even if he was attempting to exhaust through the DC-ADM 001 process, his failure to learn of the completion of the investigation does not excuse the fact that he filed his complaint prematurely. The record reflects no genuine dispute surrounding Bailey's unsuccessful attempt to administratively exhaust this grievance. Defendants were thus entitled to judgment as a matter of law.[4]

Bailey's brief cursorily raises a number of other issues. While we take seriously our obligation to liberally construe pro se filings, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we do not discern any viable claims in the remainder of Bailey's brief. Nevertheless, we will discuss them briefly.

First, Bailey states that he was "denied to present evidence in summary judgment

---

[4] We see nothing in Bailey's several motions in the District Court that would have required the District Court to reconsider its determination that the claim was

because Defendant's [sic] Counsel and Agents at SCI-Greene denied him the right to documents of guards [sic] Assault and make copies," but the exhibit he attaches in support of that claim actually undermines his claim—it is a letter from the Pennsylvania Department of Corrections, informing him that he would "be permitted to review the [listed] documents and make copies at your expense." Further, Bailey does not explain why summary judgment was incorrect.

Second, he argues that "retaliatory fabricated misconducts," "retaliatory assaults," and "retaliatory-transfer" should have been at issue in the trial. It is not clear whether Bailey is complaining about (1) claims dismissed at summary judgment for failure to exhaust, (2) an evidentiary ruling at trial, or (3) a decision by his attorney to limit the evidence presented. Without more detail, we are unable to review this claim.

Third, Bailey complains that his witnesses did not testify because counsel was ineffective. Again, we are left with no information to support the claim. Bailey does not explain how his attorney was ineffective, nor what his witnesses might have said had they testified. But in any event, an attorney's poor performance is not a ground for vacating the District Court's judgment. See Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962); Nelson v. Boeing Co., 446 F.3d 1118, 1119 (10th Cir. 2006).

Fourth, Bailey complains that the Court's order granting Defendants' motion in limine was erroneous. The Court ruled that it did "not have sufficient information" to rule on the motion in limine before trial; thus, the Court withheld ruling on the motion,

---

unexhausted.

noting that it would assess the issues as they arose at trial. Dist. Ct. Op., dkt. #394, May 1, 2013. But we are unable to evaluate the District Court's evidentiary rulings at trial without reviewing a transcript, and Bailey has not provided one, as required by Rule 10(b) of the Federal Rules of Appellate Procedure. We require the transcript not only to assess the merits of the issues, but to determine whether Bailey preserved them for appellate review. It is the appellant's duty to arrange for the trial transcript, and we may dismiss an appeal if an appellant fails to do so. See Fed. R. App. P. 3(a)(2); 10(b)(1); 3d Cir. L.A.R. 11.1; <u>Richardson v. Henry</u>, 902 F.2d 414, 416 (5th Cir. 1990) (dismissing appeal by inmate in civil rights action for failure to provide a transcript).

For the foregoing reasons, we will affirm the judgment of the District Court.[5]

---

[5] Bailey's "Motion for Court Order" is denied. Bailey seeks to be allowed to speak to his grandmother by telephone, and complains that his legal documents are being destroyed. His complaints do not appear to have any relationship to this appeal. Bailey's "Motion for Reply Brief," which seeks a remand and a new trial, is denied.