DLD-151                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2787
_____

JEROME JUNIOR WASHINGTON,
Appellant

v.

SUPERINTENDENT ROBERT GILMORE, Overall Prison Official in SCI Greene;
UNIT MANAGER CANDICE MARIE LACKEY, is the Head Over the SRTU
Program Officials and Inmates; PSYCHOLOGIST MR. SEDLOCK, is the or was the
Overseer over all SCI Greene Psychologist(s);
MEDICAL CHCA MR. GUTH; C.O. 1 COLGAN; C.O. 1 COMER; C.O. 1 J. JONES;
LT. BRAUNLICH; PSYCHIATRIST MR. TOMA; LT. MORRIS,
are being sued in their individual and official capacities;
JOHN E. WETZEL, Director/Commissioner of the State of Pennsylvania Department
of Corrections

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-00988)
District Judge: Honorable Joy Flowers Conti

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 15, 2021
Before:  JORDAN, KRAUSE, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 27, 2021)

OPINION*

PER CURIAM

Jerome Junior Washington, an inmate proceeding pro se and in forma pauperis ("IFP"), appeals the District Court's orders granting summary judgment in favor of defendants and denying his motion for reconsideration. For the reasons that follow, we will affirm.

On July 28, 2017, Washington submitted to the District Court his complaint pursuant to 42 U.S.C. § 1983 along with his motion to proceed IFP. The District Court initially denied his IFP motion but granted an amended motion and docketed his complaint on August 29, 2017. The District Court subsequently struck the complaint for improperly joining parties under Federal Rule of Civil Procedure 20, and Washington filed an amended complaint. The District Court then dismissed some claims again for improper joinder[1] but allowed the remainder to proceed. Washington's remaining claims stemmed from an altercation on July 13, 2017, with several prison guards and staff. He alleged that CO Colgan, Lt. Braunlich, and Lt. Morris used excessive force against him; Lt. Morris was deliberately indifferent to his safety by ordering the excessive force; and

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] To the extent Washington now challenges the dismissal of these claims, we find no error in the District Court's decision, and limit our discussion here to the claims that

2

Psychology Manager Sedlock and Psychiatrist Toma were deliberately indifferent to his medical needs during and immediately after the alleged excessive force, when he claimed to have been suffering a mental health crisis.

The defendants moved for summary judgment on these remaining claims, arguing that Washington had not exhausted his administrative remedies. The District Court, adopting a Magistrate Judge's Report and Recommendation ("R. & R."), granted summary judgment in favor of defendants. Washington appealed, but first lodged a motion for reconsideration in the District Court, arguing that he had not received the R. & R. and thus had no opportunity to file objections before the District Court's decision. We remanded for resolution of the post-judgment motion and stayed our own proceedings pending that disposition. The District Court granted Washington's motion and allowed him to file objections to the R. & R. After due consideration, the District Court again granted summary judgment in favor of the defendants. Washington filed an "Objection" to that decision, which the District Court construed as a motion under Federal Rule of Civil Procedure 59 and denied. Washington timely filed an amended notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. A timely appeal from a denial of a Rule 59 motion to alter or amend a judgment "brings up the underlying judgment for review." Quality Prefabrication, Inc. v. Daniel J. Keating Co., 675 F.2d 77, 78 (3d Cir. 1982).[2] "Therefore, the standard of review for a denial of a

_____

remained following the order dated September 5, 2019. See ECF No. 79.

[2] The Federal Rules of Civil Procedure do not explicitly provide for motions for

3

motion for reconsideration varies with the nature of the underlying judicial decision."

Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986). We review the

District Court's order granting summary judgment de novo and view the facts in the light

most favorable to the nonmoving party, Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170

(3d Cir. 2011), and will affirm if "there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a).

We agree with the District Court that Washington failed to exhaust available

administrative remedies and that summary judgment in favor of defendants was therefore

proper. The Prison Litigation Reform Act ("PLRA") prohibits a prisoner from bringing

an action objecting to his conditions of confinement under section 1983 until that

prisoner has exhausted available administrative remedies. 42 U.S.C. § 1997e(a);

Woodford v. Ngo, 548 U.S. 81, 83–84 (2006). The prisoner must complete the

administrative review process in accordance with the procedural rules of the grievance or

appeal system at his facility. Jones v. Bock, 549 U.S. 199, 218 (2007) ("[I]t is the

prison's requirements, and not the PLRA, that define the boundaries of proper

exhaustion."). A prisoner may not satisfy the PLRA's exhaustion requirement by

exhausting administrative remedies after initiating suit in federal court. See Johnson v.

Jones, 340 F.3d 624, 627–28 (8th Cir. 2003) ("If exhaustion was not completed at the

---

reconsideration; instead, such motions are treated as motions under Rules 59(e) or 60(b), depending on the relief requested and the filing date. See Wiest v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013). Here, the District Court properly construed Washington's "Objection" to its decision—filed within 28 days of judgment and arguing for

time of filing, dismissal is mandatory."); Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002) ("Whatever the parameters of 'substantial compliance' [with a prison's grievance procedures], it does not encompass . . . the filing of a suit before administrative exhaustion, however late, has been completed." (citations omitted)).

"[A] prisoner has 'brought an action'" for purposes of the [PLRA] "when he tenders or submits his complaint to [a district] court," rather than when a complaint is docketed after a district court grants IFP status to a prisoner. See Brown v. Sage, 941 F.3d 655, 661 (3d Cir. 2019) (en banc). Although our analysis in Brown focused on interpreting when an action is "brought" for purposes of 28 U.S.C. § 1915(g), we noted that "our conclusion accords with how the Courts of Appeals for the Seventh and Ninth Circuits have interpreted 'brought'" in the context of section 1997e(a). See id. at 662–63.

Following these principles, Washington "brought" this action in the District Court when he submitted his complaint to prison authorities for mailing, not when the District Court granted him leave to proceed IFP and docketed his complaint. His initial IFP motion and attached complaint are dated July 25, 2017; the District Court entered them on the docket on July 28, 2017. As the District Court found, under the Pennsylvania Department of Corrections' grievance procedures, a prison's administration has 15 "working" days to respond to an inmate's grievance.[3] Washington's lone grievance

---

reconsideration—as a Rule 59 motion.

[3] See Mem. 3, ECF No. 150; R. & R. 8–9, ECF No. 133 (citing, inter alia, 37 Pa. Code § 93.9 (establishing Inmate Grievance System); DC-ADM 804, Inmate Grievance System Procedures Manual § 1(C)(5)(g) (providing for response time)).

relating to the events of July 13, 2017, was filed on July 18, 2017, and received on July 20.[4] As the District Court found, fifteen working days from July 18 would have been August 8. Therefore, Washington filed his complaint before exhausting his administrative remedies.[5]

Accordingly, we will affirm the judgment of the District Court.

_____

[4] See Mot. Summ. J. App. 6, ECF No. 107-2. The Magistrate Judge also fully detailed the prison's investigation into Washington's claim of abuse. That investigation concluded in December 2017, and authorities sent Washington a notice of denial dated January 3, 2018, months after he filed his complaint in the District Court. See R. & R. 11–12. Washington did not appeal the denial, as required for exhaustion. Id. at 12. The Magistrate Judge then considered and rejected Washington's argument that he had exhausted via an alternate procedure in the prison's grievance procedures, noting that even if he had done so, his complaint was still premature since it predated the conclusion of the investigation into his claims. See id. at 12–13 (citing Victor v. Lawler, 565 F. App'x 126, 129 (3d Cir. 2014)).

[5] The District Court also addressed Washington's claim that he never received notice of the prison authorities' denial of his grievance, which he raised for the first time in his objections to the R. & R. The District Court correctly held that even assuming he lacked notice that authorities subsequently denied his grievance, he still prematurely filed his complaint. See Mem. 4–5, ECF No. 150 (citing, inter alia, Victor, 565 F. App'x at 129–30). As such, we need not reach the question raised by what the District Court referred to as the "second fault" in this argument: that it was not presented to the Magistrate Judge and raised for the first time in objections. See id. at 5–8.